Nicholson, C. J.,
delivered the opinion of the court.
On the 13th of August, 1856, E. Alexander, as agent of Thos. L. Williams, collected of H. L. Mc-Clung $1,000 on a note due to T. L. Williams, and deposited the money to his own credit in the Union Bank of Knoxville. In a short time Williams died, *444 and at the January Term of the County Court of Knox, Alexander was qualified as executor of William’s estate. He returned an inventory but did not include in it the $1,000 he had deposited to his own credit in bank.
Alexander died in April, 1857, and Margaret M. Alexander qualified as his executrix at the -- Term, 1857, of the Knox County Court. She died in 1864, when R.. M. McClung qualified as administrator de bonis non of Alexander’s estate.
After the death of Alexander in April, 1857, John Williams, in July, 1857, qualified as administrator de bonis non of Thos. L. Williams.
In July, 1866, John Williams as administrator de bonis non of Thos. L. Williams, deceased, filed this bill, setting out the facts hereinbefore stated, and prayed for a decree for the $1,000 against R. M. McClung as administrator de bonis non of E. Alexander, deceased.
Defendant K. M. McClung relies upon the statute of limitations of two years. Upon the qualification of Alexander as executor of Thos. L. Williams, the $1,000 was in contemplation of law in his hands as such executor. He was therefore an express trustee of the fund, and as long as this relation continued, the statute of limitation could not commence running in his favor or against the eestwis que trust.
Upon his death in April, 1857, the fund passed into the hands of his executrix Margaret M. Alexander, but there was no relation of express trustee between her as executrix of Alexander’s estate and the *445 representative or legatees of Thos. L. Williams. The fund went into her hands as the funds of the estate of Thos. L. Williams, deceased, and liable to be sued for as any other debt by the representative of that estate. The statute of limitations therefore constituted a bar to the claim at the expiration of two years, as all the parties were citizens of the State. Margaret Alexander qualified as executrix in 1857, and died in 1864, when defendant McClung was appointed administrator de bonis non of Alexander’s estate. The bar of the statute was complete before her death and before the qualification of defendant McClung.
The Chancellor so held and we affirm his decree.